# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: February 28, 2024

```
*************************************
MICHAEL RAY WILLIAMS,          *       UNPUBLISHED
                               *
            Petitioner,        *       No. 19-1269V
                               *
 v.                            *       Special Master Dorsey
                               *
SECRETARY OF HEALTH            *       Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
                               *
*************************************
```

<u>Kimberly Johnson</u>, Sabbeth Law, White River Junction, VT, for Petitioner.
<u>Julianna Rose Kober</u>, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On August 26, 2019, Michael Ray Williams ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 <u>et seq.</u> (2018)[2] alleging that he suffered injuries including fibromyalgia, neuropathy, continuing fatigue, polyarthralgia, and reactivated Epstein-Barr virus ("EBV"), as a result of an influenza ("flu") vaccine that he received on September 4, 2016.   Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.   44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).   **This means the Decision will be available to anyone with access to the Internet.**   In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.   If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).   All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On February 2, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on her case.   Petitioner's Motion for Interim Attorney's Fees and Costs ("Pet. Mot."), filed Feb. 2, 2024 (ECF No. 118).   Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $29,551.00
**Attorneys' Costs** – $75,997.80

Petitioner thus requests a total of $105,548.80.   Respondent filed his response on January 24, 2024, stating that he "defers to the Special Master to determine as to [P]etitioner[] [has] made a special showing to justify an award of interim attorneys' fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 9, 2024, at 2 (ECF No. 119). Petitioner filed a reply on February 23, 2024.   Pet. Reply to Resp. Response ("Pet. Reply"), filed Feb. 23, 2024 (ECF No. 120).

This matter is now ripe for adjudication.   For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$93,574.867** in attorneys' fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.   § 15(e)(1).   When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."   Id.   If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).   Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."   Id.   Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."   Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.   Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid and where a new attorney has filed a consented motion to substitute counsel.

### A.   Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.   See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).   Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."   Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).   It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1.    Hourly Rates

Here, Petitioner requests the following hourly rates for the attorney who worked on this matter:

**Kimberly Johnson – Attorney**
2021: $250.00
2022: $260.00
2023-2024: $275.00

Ms. Johnson has not previously been awarded fees in the Vaccine Program and thus her hourly rate has not yet been determined.  The undersigned can look at the OSM Forum Hourly Rate Fee Schedule[3] and what other attorneys with similar experience have been awarded to determine the reasonableness of her rates.  Ms. Johnson has been a licensed attorney since 2021, placing her in the range of attorneys with less than four years of experience for her time billed throughout the case.  The Forum Hourly Rate Fee Schedule provides that an attorney with less than four years of experience can be awarded a rate of $177.00-$266.00 per hour for 2021, $183.00-$275.00 per hour for 2022, and $193.00-$289.00 per hour for 2023.  The 2024 rates have not been decided yet.  Therefore, while Ms. Johnson's rates are within the ranges of the fee schedule for attorneys with less than four years of experience, they are on the high end for an attorney with her level of experience each year.

Moreover, Ms. Johnson's rates are higher than what special masters have found reasonable for attorneys with similar experience.  Other attorneys barred in 2021 have been awarded $180.00 per hour for work performed in 2021, $200.00 per hour for work performed in 2022, and $229.00 per hour for work performed in 2023.  See, e.g., Torres v. Sec'y of Health & Hum. Servs., No. 21-1356V, 2023 WL 9177302, at *3 (Fed. Cl. Spec. Mstr. Dec. 19, 2023); Carre v. Sec'y of Health & Hum. Servs., No. 20-1613V, 2023 WL 2645840, at *2 (Fed. Cl.

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Feb. 13, 2024).

Spec. Mstr. Mar. 27, 2023); Wesley Faske, v. Sec'y of Health & Hum. Servs., No. 20-0106V, 2023 WL 9791394 (Fed. Cl. Spec. Mstr. May 12, 2023); see also Zielinski v. Sec'y of Health & Hum. Servs., No. 18-1075V, 2023 WL 3778890, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023) (findings $150.00 per hour for work performed in 2021 reasonable for a new attorney to the Program).

Due to Ms. Johnson's limited legal experience and inexperience in the Vaccine Program, the undersigned finds cause to reduce the requested hourly rate to commensurate with her experience as a licensed attorney.   As such, Ms. Johnson is awarded a rate of $180.00 per hour for attorney work completed in 2021, $200.00 per hour for attorney work completed in 2022, and $230.00 per hour for attorney work completed in 2023 and 2024.[4]   This results in a reduction of $5,553.00.[5]

## 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.   See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).   It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.   Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989).

Upon review of the submitted billing records, the undersigned finds the time billed to be reasonable.   However, the undersigned cautions Ms. Johnson to ensure future timesheets are sufficiently detailed, and not general or vague, for an assessment to be made of the entries' reasonableness.

## B. Attorneys' Costs

Petitioner requests $75,997.80 for expenses incurred including $19,915.90 to cover miscellaneous costs, such as obtaining medical records, copies, and expert retainer fees; and $56,081.90 for work performed by Dr. Omid Akbari, Dr. Curt Hagenau, and Dr. Joseph Jeret. Pet. Mot., Exhibits ("Exs.") 4-6.

## 1. Miscellaneous Costs

Petitioner requests $19,915.90 for miscellaneous costs, including obtaining medical

---

[4] Ms. Johnson only spent 0.10 hours of work in 2024.   Because the 2024 fee schedule rates have not been published yet, the undersigned is willing to review a higher 2024 rate for Ms. Johnson in the future.

[5] (3.30 hours x ($250.00 – $180.00)) + (35.60 x ($260.00 – $200.00)) + (70.80 x ($275.00 – $230.00)) = $5,553.00.

copies, and expert retainer fees.   Pet. Mot., Ex. 3.   Petitioner has provided adequate documentation supporting the expert retainer fees, the IME fee, and the fee for an opinion letter. However, there is no supporting documentation for production of records, copies, postage, and pacer fees.   This results in a deduction of $865.94.   Petitioner may request these costs in his final fees motion with supporting documentation.[6]

## 2.   Expert Fees

Petitioner requests $43,955.00for work performed by immunologist Dr. Omid Akbari at a rate of $550.00 per hour.[7]   Pet. Mot. at 1; Pet. Mot., Ex. 4.   However, Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program.   See Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same).   Moreover, the undersigned has previously found that $550.00 per hour is excessive for Dr. Akbari's work, and instead compensating him at $500.00 per hour. Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020).

To support a higher rate than Dr. Akbari has previously been awarded, Petitioner first relies on Dr. Akbari's overall medical experience, reputation in the immunology community, and necessity to this case, as well as his experience in the Vaccine Program.   Pet. Reply at 1-4. Petitioner also notes that Dr. Akbari is compensated at a higher rate for his expert testimony work outside of the Vaccine Program.   Id. at 2.   Then, Petitioner cites 10 other cases in the Vaccine Program where Dr. Akbari was awarded a rate of $500.00 per hour.   Id.   Petitioner argues that the increased rate of $550.00 per hour "simply reflects adjustments for inflation" given that the "traditional rate of $500.00 per hour has been in place since 2012."   Id. Petitioner calculated different yearly rates for Dr. Akbari using inflation rates and the consumer price index ("CPI") to argue that $550.00 per hour is well within an acceptable increase given the rates of inflation and the CPI.   Id. at 2-23.   The undersigned finds both arguments unpersuasive.   Accordingly, the undersigned finds that $500.00 per hour, as has been consistently awarded to Dr. Akbari including for work performed in 2023, to be an appropriate

---

[6] As no Vaccine General Order # 9 was filed, this award does not include costs Petitioner incurred.   Petitioner should file the General Order # 9 form and supporting documentation in his final fees motion for the costs incurred.

[7] Dr. Akbari's total bill was for $53,955.00; however, Petitioner previously paid Dr. Akbari's retainer fee of $10,000.00 so Petitioner is requesting the remaining balance of $43,955.00.   Pet. Mot. at 1; Pet. Mot., Ex. 3 at 1-2; Pet. Mot., Ex. 4.

hourly rate.[8]

Dr. Akbari spent 98.10 hours reviewing medical records, medical literature, and preparing two expert reports.   Respondent noted that this is "over seven times as many hours as [P]etitioner's other expert[s]."   Resp. Response at 4 n.3.   Given the complexity of this case and that this case was ready to go to a hearing, the undersigned finds this amount of time to be reasonable.   Other special masters have found Dr. Akbari's billing practices to be excessive or vague and accordingly reduced his billing by 20%.   See, e.g., Nieves v. Sec'y of Health & Hum. Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (finding Dr. Akbari's billing to be "well in excess of the time spent by other experts in cases of comparable complexity").   The undersigned does not reduce Dr. Akbari's billed hours for excessiveness here but finds a reduction necessary.   Dr. Akbari billed 1.30 total hours for "preparation of statement of hours."   Pet. Mot., Ex. 4 at 3, 5.   Such administrative tasks are not compensable under the Program for attorneys or experts.   See Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005) (finding that "fees for experts are subject to the same reasonableness standard as fees for attorneys").   At least one previous special master has warned Dr. Akbari against billing for such tasks.   See Walters, 2022 WL 1077311, at *6.   Therefore, the undersigned reduces his bill by 1.30 hours to a total of 96.80 hours.

Accordingly, the amount to be awarded for Dr. Akbari will be reduced to $38,400.00 to conform with the $500.00 hourly rate and reduced hours, less the retainer fee already paid by Petitioner.[9]

Petitioner requests $8,501.90 for work performed by neurologist Dr. Hagenau at a rate of $500.00 per hour.[10]   Pet. Mot. at 2; Pet. Mot., Ex. 5.   Dr. Hagenau has not previously been awarded fees in the Vaccine Program and thus his hourly rate has not yet been determined. Although an hourly rate of $500.00 is considered high in the Vaccine Program, the undersigned will allow that rate in this case based on the qualifications of Dr. Hagenau.   The undersigned notes that she and other special masters have determined this rate appropriate for other well-qualified and specialized experts in his field.   See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023); Coons v.

---

[8] The undersigned previously indicated she may reconsider Dr. Akbari's rate for work done in 2023.   See Carroll, 2023 WL 2771034, at *6 n.18.   However, given the comparably excessive nature of Dr. Akbari's billing in this case, the undersigned declines to do so here.   The undersigned is willing to reconsider the rate in the future.

[9] (96.80 hours x $500.00) – $10,000.00 = $38,400.00.

[10] Dr. Hagenau's total bill was for $13,251.90; however, Petitioner previously paid him $4,750.00 so Petitioner is requesting the remaining balance of $8,501.90.   Pet. Mot. at 2; Pet. Mot., Ex. 3 at 1, 5; Pet. Mot., Ex. 5.

Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *7 (Fed. Cl. Spec. Mstr. May 19, 2022); Jaafar v. Sec'y of Health & Hum. Servs., No. 15-267V, 2019 WL 2265329, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2019).   The undersigned finds the requested rate of $500.00, and the amount of time spent to be reasonable and will award this cost in full.

Petitioner also requests $3,625.00 for work performed by neurologist Dr. Jeret at a rate of $500.00 per hour.[11]   Pet. Mot. at 2; Pet. Mot., Ex. 6.   This rate has previously been found reasonable.   See Nieves, 2023 WL 7131801, at *4; Bryce v. Sec'y of Health & Hum. Servs., No. 17-1832V, 2023 WL 5666165, at *7 (Fed. Cl. Spec. Mstr. July 18, 2023); Bristow, 2022 WL 17821111, at *6 (reducing Dr. Jeret's requested hourly rate from $550.00 per hour to $500.00 per hour).   The undersigned finds the requested rate of $500.00 and the amount of time spent to be reasonable and will award this cost in full.

II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 29,551.00 |
| Reduction of Attorneys' Fees: | - ($ 5,553.00) |
| Awarded Attorneys' Fees: | $ 23,998.00 |
| | |
| Requested Attorneys' Costs: | $ 75,997.80 |
| Reduction of Attorneys' Costs: | - ($ 6,420.94) |
| Awarded Attorneys' Costs: | $ 69,576.86 |
| | |
| **Total Attorneys' Fees and Costs:** | **$ 93,574.86** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $93,574.86, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Kimberly Johnson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[12]

**IT IS SO ORDERED.**

---

[11] Dr. Jeret's total bill was for $7,125.00; however, Petitioner previously paid Dr. Jeret's retainer fee of $3,500.00 so Petitioner is requesting the remaining balance of $3,625.00.   Pet. Mot. at 2; Pet. Mot., Ex. 3 at 1, 3; Pet. Mot., Ex. 6.

[12] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**<u>s/ Nora Beth Dorsey</u>**
Nora Beth Dorsey
Special Master