# In the United States Court of Federal Claims

No. 19-1269
(Filed: January 2, 2025)
(Re-issued April 14, 2025)[1]

* * * * * * * * * * * * * * * * * * * * * *

MICHAEL RAY WILLIAMS,

       *Petitioner*,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       *Respondent*.

* * * * * * * * * * * * * * * * * * * * * *

## ORDER ON MOTION FOR RECONSIDERATION

Pending in this action brought pursuant to the National Vaccine Injury Compensation Program is petitioner's motion for reconsideration of our December 27, 2024, order granting respondent's motion to dismiss. On August 26, 2019, petitioner filed a petition for compensation alleging that an influenza vaccine he received injured him. ECF No. 1 at 1–4. The Special Master rejected the petition and dismissed petitioner's action on November 13, 2024. ECF No. 126 at 2. On December 11, 2024, petitioner simultaneously moved for review and for permission to file an overlength supporting memorandum. ECF No. 129 at 1. There was no memorandum attached to either the motion for review or the motion for leave to file additional pages. On December 16, 2024, respondent moved to dismiss, arguing that petitioner's motion for review was fatally defective because it lacked a supporting memorandum. *See* ECF No. 131. We agreed with respondent and granted the motion to dismiss. ECF No. 133. Now, petitioner asks that we reconsider our decision. ECF No. 134. For the reasons set out herein, we decline to do so.

---

[1] This opinion was originally issued under seal to afford the parties an opportunity to propose redactions of protected information. The parties did not propose any redactions.

Section § 300aa-12 defines our jurisdiction over vaccine appeals. It mandates that "[u]pon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of [court]" "a motion to have the court review the decision." 42 U.S.C. § 300aa-12(e)(1). Section 300aa-12 further states that "the other party shall file a response" "no later than 30 days after the filing" of a motion for review. *Id.*

Vaccine Rule 23 likewise mandates that a party must move for review of a special master's decision within thirty days of the decision and that no extensions of time can be granted. RCFC App. B Vaccine R. 23(a)–(b); *see also Widdoss v. Sec'y of Health & Hum. Servs.*, 989 F.2d 1170, 1177 (Fed. Cir. 1993) (§ 300aa-12's thirty-day filing requirement is jurisdictional and thus non-waivable); *Hervey v. Sec'y of Health & Hum. Servs.*, 88 F.3d 1001, 1002 (Fed. Cir. 1996) (same). Vaccine Rule 24 adds an additional requirement not present in § 300aa-12: "[a] motion for review must be accompanied by a memorandum of numbered objections to the decision." RCFC App. B Vaccine R. 24(a).

As we explained in our dismissal order, Vaccine Rule 24(a) says that there is a time constraint on the memorandum: the memorandum must accompany the motion for review. We therefore agreed with respondent that even if the court granted petitioner leave to file an overlength memorandum, the memorandum would, by definition, be late. And because petitioner did not request an extension of time to file the memorandum, we could not *sua sponte* extend the time to file the memorandum. *See* RCFC App. B Vaccine R. 19(b)(1) (explaining that the court may grant a request for an extension of time if the extension is not prohibited by another rule). Accordingly, because petitioner did not comply with Vaccine Rule 24(a), we dismissed petitioner's appeal.

Petitioner argues in his motion for reconsideration that our decision was incorrect as a matter of law because he timely filed his motion for review. As a threshold matter, petitioner contends that his timely filing of the motion for review conferred jurisdiction upon this court. Next, petitioner alleges that once the court had jurisdiction, there was no basis in Vaccine Rule 24(a) to dismiss his appeal. First, petitioner claims that Vaccine Rule 24(a) does not impose a thirty-day filing requirement on supporting memoranda. Second, petitioner asserts that Vaccine Rule 24(a) does not require contemporaneous filing of the memorandum with the motion for review. Third, petitioner maintains that failure to comply with Vaccine Rule

2

24(a) does not result in a waiver of the right to obtain review. Fourth, petitioner avers that he preserved his right to review by filing the motion for permission to file an overlength memorandum. Finally, petitioner argues that our decision in *Ciaccio* allows him to file supporting memorandum after the motion for review.

To begin, we did not dismiss petitioner's action because of a jurisdictional bar. Petitioner claims otherwise, saying that we held that "the lack of actually submitting the [m]emorandum within [thirty] days creates a jurisdictional bar for Petitioner's appeal." ECF No. 134 at 1. That misstates our holding. Vaccine Rule 24(a) does not create a jurisdictional bar to petitioner's appeal; instead, we dismissed petitioner's motion for review as defective because petitioner did not file the required memorandum. Put another way, petitioner's timely filing may have invoked our jurisdiction, but it did not excuse petitioner's noncompliance with a mandatory court rule. *See Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 193 (2019) ("The mere fact that a time limit lacks jurisdictional force, however, does not render it malleable in every respect. Though subject to waiver and forfeiture, some claim-processing rules are 'mandatory'—that is, they are 'unalterable' if properly raised by an opposing party." (quoting *Manrique v. United States*, 581 U.S. 116, 121 (2017))); *id* at 193 ("Courts may not disregard a properly raised procedural rule's plain import any more than they may a statute's.").

Here, respondent properly raised Vaccine Rule 24(a)'s mandate that a motion for review must be accompanied by a supporting memorandum. And although Vaccine Rule 24(a) is not jurisdictional, *see Nutraceutical*, 586 U.S. at 192, it is a mandatory claim-processing rule, as seen in its imperative language that the memorandum "must" accompany the motion for review, *see Bridges v. United States*, 156 Fed. Cl. 129, 133 n.3 ("[A]s a rule, courts treat the word 'must' as mandatory."). As a result, once respondent invoked Vaccine Rule 24(a), we were obligated to apply it and dismiss petitioner's appeal because petitioner did not comply with a mandatory court rule. *See, e.g.*, *McIntosh v. United States*, 601 U.S. 330, 337 (2024) ("If the affected party alerts the court to the deadline and invokes its protection, the relevant action cannot be taken after the deadline has passed."); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."); *Manrique*, 581 U.S. at 121, 125 (mandatory claim-processing rules must be enforced if invoked and "are not subject to harmless-error analysis").

Petitioner's arguments to the contrary are unpersuasive. First, petitioner is incorrect that the memorandum does not need to be filed within thirty days of the special master's decision. According to petitioner, there is no thirty-day filing deadline for the memorandum because Vaccine Rule 24(a) does not mention a thirty-day deadline. That is incorrect. Although Vaccine Rule 24(a) does not itself contain a filing deadline, its command that the memorandum "must" accompany the motion for review links the memorandum to the motion for review. Thus, absent an extension under Vaccine Rule 19(b)(1), the rules' plain language makes clear that the memorandum must be filed with the motion for review, and the motion for review (in turn) must be filed within thirty days of the special master's decision. The memorandum, therefore, must be filed within thirty days of the special master's decision.

Second, petitioner is mistaken that Vaccine Rule 24(a) does not require him to contemporaneously file the memorandum with the motion for review. Vaccine Rule 24(a) could not be clearer: the memorandum "must" accompany the motion for review. Petitioner attempts to evade the rule's plain language by saying that a memorandum "should" accompany the motion for review. Yet the rule says "must," not "should." And "must" is mandatory. *Bridges*, 156 Fed. Cl. at 133 n.3 ("[A]s a rule, courts treat the word 'must' as mandatory."); *see also Must*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 819 (11th ed. 2012) ("[B]e commanded or requested to" or "be required by law, custom, or moral conscience"); *Must*, AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 4797 (3d ed. 1992), https://shorturl.at/S9uhZ ("To be obliged or required by morality, law, or a custom"). Petitioner cites no authority to the contrary, nor does he explain why we should read "must" in such a lax fashion. We reaffirm that Vaccine Rule 24(a) means what it says: the memorandum must be filed with the motion for review.

Vaccine Rule 25 further confirms that the memorandum and motion for review must be filed together. The vaccine rules set a rigid timeline for vaccine appeals in this court. As noted, Vaccine Rule 23 requires that the motion for review be filed within thirty days of the special master's decision. RCFC App. B Vaccine R. 23(a). It also does not allow this court to grant extensions. RCFC App. B Vaccine R. 23(b). Similarly, Vaccine Rule 25 commands that the other party—here, the government—must file a response within thirty days of the motion for review's filing. RCFC App. B Vaccine R. 25(a). Like Vaccine Rule 23(b), Vaccine Rule 25(b) prohibits granting an extension of time to file the response, cutting off the government's ability to

seek a Vaccine Rule 19(b)(1) extension.  RCFC App. B Vaccine R. 25(b).
Thus, when the rules operate as written, the government has adequate time
to respond to the motion for review and the memorandum because both are
filed together.[2]

Petitioner's atextual approach, by contrast, invites abuse of the
vaccine appeal process by doing away with any filing deadline for the
memorandum.  According to petitioner, the memorandum does "not have to
be mandatorily filed within [thirty] days" of the special master's decision,
meaning that there is seemingly no hard filing deadline at all.  *See* ECF No.
134 at 5.  Such a result would be particularly prejudicial to the government
in this case, where the Special Master rendered a lengthy and detailed
decision addressing numerous complex issues.  The government's January
10 response deadline cannot be extended.  Put simply, petitioner's theory is
without support in the vaccine rules and would weaponize Vaccine Rule 24
against the government.

Next, petitioner insists that he timely moved for permission to file an
overlength memorandum.  He also claims that the court is incorrect to say
that he should have filed his overlength memorandum without leave.  Both
contentions are wrong.  For one thing, it is irrelevant that petitioner asked for
more pages before the thirty-day filing deadline because, absent an extension
under Vaccine Rule 19(b)(1), merely asking for additional pages does not
alter Vaccine Rule 24(a)'s requirement that the memorandum "must"

---

[2] True, a party can still seek a Vaccine Rule 19(b)(1) extension to file the
memorandum—but not, we emphasize, the motion for review—before the
thirty-day deadline under Vaccine Rule 23(a).  *Compare* RCFC App. B
Vaccine R. 19(b)(1) (permitting extensions of time when not forbidden by
another rule), *with* RCFC App. B Vaccine R. 24 (not prohibiting an extension
of time to file the memorandum, unlike Vaccine Rules 23(b) (motion for
review) and 25(b) (response)).  Yet Vaccine Rule 19(b)(1) also allows the
court to police extension requests by requiring the requesting party to state
how many days the extension will run, the specific date the memorandum
will be due, and the reason for the extension.  RCFC App. B Vaccine R.
19(b)(2)(A)–(B), (D).  Vaccine Rule 19(b)(1), then, empowers the court to
grant limited extensions to file the memorandum when necessary while
protecting the government's ability to respond under Vaccine Rule 25(b).

accompany the motion for review.[3]  Petitioner, moreover, mischaracterizes what this court advised.  Petitioner is correct that he could not file an overlength memorandum by itself, but nothing in Vaccine Rule 24(b)(3) prevented petitioner from attaching a copy of the memorandum to his motion to file an overlength memorandum.  Petitioner could have easily attached the overlength memorandum to his motion for additional pages, and that would have satisfied Vaccine Rule 24(a)'s requirements because the memorandum could have been filed contemporaneously with the motion for review.  Petitioner did not do that, so irrespective of whether petitioner complied with Vaccine Rule 24(b)(3), he fatally failed to comply with Vaccine Rule 24(a), meaning that we properly dismissed his motion for review.

Petitioner is also incorrect that we cannot dismiss his action because Vaccine Rule 24 does not itself contain a penalty for failing to follow the rule.  First, Vaccine Rule 24(a) links itself to Vaccine Rule 23(a) and its thirty-day filing requirement.  As we held before, if the motion for review lacks an accompanying memorandum, it is defective, and we must dismiss it.  Second, Vaccine Rule 21(c)(1) and Rule 41(b) empower this court to dismiss an action when a party does not obey a court rule.  Here, petitioner failed to file the memorandum in a timely manner, and petitioner cites no authority empowering us to excuse his mistake, nor should we, given that doing so would prejudice the government.  Petitioner, then, is wrong that the absence of an explicit penalty in Vaccine Rule 24(a) means that we must ignore his failure to comply with court rules.  *See* RCFC App. B Vaccine R. 21(c)(1) ("[T]he court may dismiss a petition or any claim therein for failure of the petitioner to . . . comply with these rules . . . ."); *see also* RCFC Rule 41(b) ("If plaintiff fails . . . to comply with [RCFC] rules . . . the court may dismiss on its own motion or [upon] the defendant['s] [motion] to dismiss . . . ."); *Burbank Coll. of Ct. Reporting, Inc. v. United States*, 30 Fed. Cl. 100, 106 (1993) ("The court's power to invoke RCFC 41(b) and grant an involuntary dismissal of a pending claim is recognized as broad and discretionary and is based on the totality of the circumstances presented.").

---

[3] We recognize the tension between Vaccine Rule 24(a) (mandating that the memorandum "must" accompany the motion for review) and Vaccine Rule 19(b)(1) (permitting extensions of time to file unless prohibited by another rule), but we read Vaccine Rule 24(a) to say that the memorandum "must" accompany the motion for review unless a party seeks an extension under Vaccine Rule 19(b)(1), which petitioner did not do here.

6

Finally, petitioner misreads *Ciaccio*.  There, a petitioner filed her motion for review and memorandum a day late.  *Ciaccio v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 202, 203 (1992).  In dicta, this court advised that the *Ciaccio* petitioner could have preserved her rights by timely filing the motion for review and asking for an extension of time to file the memorandum.  *Id.*  Here, petitioner filed the motion for review and a motion to file an overlength memorandum.  Petitioner did not request an extension to file the memorandum.  Consequently, while *Ciaccio* recognized that this court can "grant relief to the movant in the form of extensions," ECF No. 134 at 6, it also makes clear that the party seeking an extension must actually ask for one, *see also* RCFC App. B Vaccine R. 19(b)(1) (this court may grant an extension, unless otherwise barred by the rules, if a party moves for one).  Again, petitioner did not ask for an extension to file the memorandum, and we cannot now grant him one over two weeks after the filing deadline.

In short, we affirm our holding that petitioner's motion for review merited dismissal because he failed to comply with Vaccine Rule 24(a).  Vaccine Rule 23(a) requires that the motion for review be filed within thirty days of the special master's decision.  Vaccine Rule 24(a) adds that a memorandum must accompany the motion for review.  Accordingly, Vaccine Rule 24(a)—operating in tandem with Vaccine Rule 23(a)—requires that the memorandum be filed within the thirty-day timeline.  Applying the rules here, petitioner timely filed the motion for review but not the memorandum.  As a result, Vaccine Rules 23(a) and 24(a) bar petitioner now from filing the memorandum because the thirty-day deadline has expired.

We have considered the arguments raised by the motion for reconsideration and conclude that they do not warrant relief.  Petitioner could have moved under Vaccine Rule 19(b)(1) for an extension of time to file the memorandum before December 13 (as we suggested in *Ciaccio*), or he could have attached the proposed memorandum to the motion for permission to file an overlength memorandum.  Or petitioner could have done both.  Instead, petitioner took neither path, and we properly dismissed for failure to follow Vaccine Rule 24(a).  Accordingly, the motion for reconsideration is denied and the Clerk of Court is directed to dismiss the motion for review and enter judgment pursuant to the decision of the Special Master.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Senior Judge